No. 05-364

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 168N

_____

CITY OF LEWISTOWN,

      Plaintiff and Respondent,

   v.

BRETT LLOYD,

      Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Tenth Judicial District,
                  In and for the County of Fergus, Cause No. DV 2004-84
                  The Honorable E. Wayne Phillips, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Gregory W. Duncan, Attorney at Law, Helena, Montana

      For Respondent:

            Monte Boettger, City Attorney, Lewistown, Montana

_____

Submitted on Briefs:  June 28, 2006

Decided:  July 25, 2006

Filed:

_____
                   Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Brett Lloyd appeals an order of the Tenth Judicial District Court, Fergus County, granting summary judgment in favor of Plaintiff, the City of Lewistown (City). We reverse and remand.

¶3     In July 2001 the City hired Lloyd as a police officer. As a condition of his employment Lloyd signed a reimbursement agreement. The agreement required that if he did not work for the City for at least thirty-six months he would repay the City a portion of its expenses in sending him to the Montana Law Enforcement Academy for required training as a peace officer.

¶4     In 1999, the City had negotiated with its police force and entered a Collective Bargaining Agreement (CBA) with the Montana Public Employees Association (MPEA) which represented the policemen. Lloyd was a member of the MPEA and the terms and conditions of his employment were covered by the CBA at the time he was hired and signed the reimbursement agreement.

¶5     Lloyd resigned November 1, 2002, after he had been employed by the City for about sixteen months. The City then notified Lloyd that it would seek reimbursement under the agreement. The City calculated that $4,064.20 was owed by Lloyd as

2

reimbursement under the agreement, deducted from that amount $803.31 that it withheld from Lloyd's salary, and demanded payment of the remaining $3,260.39.

¶6 The City, after some negotiations, sued Lloyd in the Fergus County Justice Court to enforce the reimbursement agreement. The Justice Court granted summary judgment to the City and awarded the amount prayed for plus attorney fees. Lloyd appealed to the District Court. The City again moved for summary judgment. The District Court granted the City's motion, entered judgment and awarded attorney fees to the City. Lloyd appeals.

¶7 Lloyd argues that the reimbursement agreement is unenforceable because it was not bargained for, as is required under Montana law. The District Court concluded that Lloyd waived this defense because he failed to comply with the mandatory grievance procedures contained in the CBA.

¶8 This Court reviews a district court's grant of summary judgment *de novo*. *Watson v. Dundas*, 2006 MT 104, ¶ 16, 332 Mont. 164, ¶ 16, 136 P.3d 973, ¶ 16. We apply the criteria contained in Rule 56, M.R.Civ.P. According to this rule, the moving party must establish both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Watson*, ¶ 16. The burden then shifts to the non-moving party to prove by more than mere denial and speculation that a genuine issue does exist. *Watson*, ¶ 16. If the court determines that no genuine issues of fact exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. *Watson*, ¶ 16. We review legal determinations made by a district court to establish whether the conclusions are correct. *Watson*, ¶ 16.

¶9      We conclude that Lloyd was not required to use CBA grievance procedures in this matter. Lloyd was not the impetus of these proceedings. It was the City (the employer) that first brought allegations against him. Lloyd simply asserts the defense that the reimbursement agreement was not bargained for as required by § 39-31-305, MCA, and is therefore unenforceable.[1]

¶10     Under § 39-31-305, MCA, the City, a public employer, is required to bargain collectively upon the following matters:

> (1) The public employer and the exclusive representative, through appropriate officials or their representatives, shall have the authority and the duty to bargain collectively. This duty extends to the obligation to bargain collectively in good faith as set forth in subsection (2) of this section.
>
> (2) For the purpose of this chapter, to bargain collectively is the performance of the mutual obligation of the public employer or his designated representatives and the representatives of the exclusive representative to meet at reasonable times and negotiate in good faith with respect to wages, hours, fringe benefits, and *other conditions of employment* or the negotiation of an agreement or any question arising thereunder and the execution of a written contract incorporating any agreement reached.

Section 39-31-305(1) & (2), MCA (emphasis added).

¶11     The reimbursement agreement was a condition of employment. The agreement expressly states:

> [T]he officer's signing of this Agreement is a condition of his/her being hired as a regular full-time probationary police officer with the Department.

---

[1] In each of the cases cited by the City, to support its grievance argument, it was the employee, not the employer, that sought relief from the court. As the City quotes in its brief, "[a] person may not seek judicial relief before available administrative avenues have been exhausted." *B.G.M. Enterprises v. State Dept. of Social and Rehabilitation Services* (1984), 673 P.2d 1205, 1206. Lloyd did not seek judicial relief here, the City did.

Further, the agreement was a condition of employment because it specified how long Lloyd was required to work for the City without penalty. *New Jersey Transit Authority v. Local 304* (N.J. Super. Ct. App. Div. 1998), 714 A.2d 329, 332-333 ("the disputed repayment agreement is literally a term or condition of employment insofar as it specifies how long employees must work in order to avoid having to repay training costs and how much of the salary they have earned will be subject to disgorgement if they choose to leave their jobs earlier."). Thus, because the reimbursement was a condition of employment, § 39-31-305, MCA, requires that the condition be bargained for.

¶12 It is undisputed that the City's policemen had formed a bargaining unit, that MPEA was their representative, and that a CBA had been negotiated and signed. If the reimbursement agreement was not authorized under the CBA then it was not bargained for, as defined under § 39-31-305(2), MCA, and the agreement is unenforceable. The City argues that the reimbursement agreement was impliedly authorized by the CBA, and thus it was bargained for. However, the CBA does not authorize or even address reimbursement agreements. Nor does it authorize the City to bargain individually with employees regarding conditions not expressly addressed. Alternatively, the City argues that the agreement was authorized by § 7-32-4139, MCA (1999). Even though § 7-32-4139, MCA, authorized reimbursement agreements, at that time, the City was still required to comply with § 39-31-305(2), MCA, by bargaining with the MPEA for any condition of employment. Therefore, as a matter of law, the reimbursement agreement is unenforceable because it conditioned Lloyd's employment upon an agreement that was not bargained for.

¶13    The judgment of the District Court is reversed and this case is remanded for further proceedings consistent with this opinion.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE